F. G. SIMMONS et al., Appellants, v. J. F. ONETH,
Respondent.

**Springfield Court of Appeals, January 3, 1910.**

1. **REAL ESTATE BROKER: Producing Purchaser Ready, Able, etc.: Commission.** Where a real estate agent finds a purchaser who offers to take a farm at a certain price provided he can get possession by a certain date, and the owner agrees as to the price but makes no definite promise as to possession, further than "to try to give possession on the said date if nothing prevents," and a series of unfortunate happenings did prevent him from giving possession at that date, whereupon the purchaser refused to take the farm; *held*, that the agent was not entitled to a commission, for he had not found a purchaser ready, able and willing to take the farm on the terms fixed by the owner.

2. ————: ————: ————: **Time of Delivery of Possession of Property.** When property is placed in the hands of an agent to sell at a certain price and no time is fixed for possession to be given, the agent is entitled to his commission when he produces a purchaser ready, able and willing to take the property at the price named, and the owner cannot avoid paying a commission by refusing immediate possession.

3. ————: ————: ————. A real estate broker earns his commission when he produces and introduces to the principal a buyer who is able, ready and willing to buy on the terms at which the broker is authorized to sell.

4. ————: **Procuring Cause of Sale: Consummated by Owner.** Where the agent is the procuring cause of negotiations which result in the sale, he is entitled to his commission, even though the negotiations were conducted and concluded by the principal in person.

5. ————: ————: **Commission: Failure of Owner to Carry out Contract.** Where the principal, on the production of a purchaser by the broker, fixes or varies the terms and fails to carry out his contract and convey according to the modified terms agreed upon, he is nevertheless liable for the commission.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

AFFIRMED.

*Watson & Salyer* for appellants.

(1)   A real estate broker earns his commission when he finds and produces to the seller a buyer for the land, who is ready, able and willing to buy upon the terms upon which the broker is authorized to negotiate the sale. Brown v. Smith, 133 Mo. App. 68; Reiger & Thompson v. Merrill, 125 Mo. App. 549; Moore v. Mountcastle, 61 Mo. 424; Peycke Bros. v. Aherns, 98 Mo. App. 456; 2 A. & E. Ency. of Law (2 Ed.), p. 344; 9 Cyc. pp. 245, 246, 247; Haubelt Bros. v. Mill Co., 77 Mo. App. 681.   (2)   Time is not generally demanded to be of the essence of a contract for the sale and conveyance of real estate.   Mastin v. Grimes, 88 Mo. 478; O'Fallon v. Kennerly, 45 Mo. 124.

*A. H. Wear* for respondent.

The offer made by Bryan was not accepted by Oneth, respondent, in such manner as to make a complete contract between the two.   "In order that the acceptance of an offer may result in a binding contract, it must be absolute, and identical with the terms of the offer; or as it has been expressed, an acceptance to be good must in every respect meet and correspond with the offer neither falling within nor going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand."   Clark on Contracts (Hornbook Series), p. 36; Eads v. City of Carondelet, 42 Mo. 113; Bruner v. Wheaton, 46 Mo. 363; Corser v. Hale, 149 Past. 274; Corcoran v. White, 7 N. E. 525.

GRAY, J.—This cause was commenced in the Greene Circuit Court in January, 1908, to recover a commission for finding a purchaser for the farm of the respondent.   The answer was a general denial.   A jury was waived and a trial had December 23, 1908, result-

ing in a judgment for the defendant, and plaintiffs appealed.

There is not much controversy over the facts in the case, and a correct statement of the same is about as follows: The defendant owned a farm in Webster county, and listed the same with the appellants, or one of them, as real estate agents, to sell. The appellants advertised the farm for sale, and finally interested one C. W. Bryan, of Rhome, Texas, to come to Springfield in October, 1907, with the view of purchasing the farm. The appellant, Watts, took Bryan out in the country to see some farms, and including the farm of the respondent. At the time the farm was placed with the agents to sell, the price was fixed at $3200, with nothing said about time for possession. After some talk, the defendant reduced the price to $2900, but the deal was not consummated and Bryan went to his Texas home.

On October 15, 1907, Bryan wrote Watts at Rogersville, stating that he would take Oneth's farm at $2900, and that he wanted possession the 15th of November, or as soon as possible. On October 19th, Bryan wrote the bank at Rogersville, enclosing a check for $500, to be held as a forfeit on the deal for the respondent's land. In this letter, the bank was directed to sign a contract, binding Bryan to buy the land for $2900, possession to be given on or before November 20th. On the same date, he wrote the respondent a letter informing him that he had sent the check for $500 to the bank as a forfeit, and that he had agreed to take the place for $2,900, provided Oneth would furnish a perfect abstract of title and warranty deed, and possession of place by November 20, 1907. On October 24, the respondent answered the letter, accepting the terms, except as to possession, and said in regard to that matter: "Will try and give possession of the place by the 20th of November, if nothing prevents." About the 15th of November, Bryan came to Missouri and wanted possession of the farm by the 20th, according to his proposition of pur-

chase. Oneth informed him he could not give posses-
sion on the 20th; that he would have to have eight days
longer, but finally offered to give possession by the
22nd of November. Bryan objected to this, said he had
his family paying board at a hotel, and wanted to get
on the farm where the members of his family could have
some rest. The respondent informed him that he could
not give possession on the 20th, on account of misfor-
tunes; that on the 17th of November, his boy, who was
teaching school, had been stabbed by a pupil; that one
of his horses had died and one had got sick and he had'
to depend on his neighbors to get rid of things on the
farm, but he would give him possession by the 22nd, as
above stated.

Bryan at all times refused to carry out the contract
unless he could have possession on the 20th. It seems
while the parties were thus quibbling and unable to
agree on the date of possession, the deal was called off.
A real estate broker earns his commission when he pro-
duces and introduces to his principal a buyer who is
able, ready and willing to buy on the terms at which
the broker is authorized to sell. And where the agent
is the procuring cause of negotiations which result in
the sale, he is entitled to his commission, even though
the negotiations were conducted and concluded by the
principal in person. [Morgan v. Keller, 194 Mo. 663,
92 S. W. 75.] And the authorities agree that where
the principal, on the production of a purchaser by the
broker, fixes or varies the terms, he is liable for the
commission, if he fails to carry out his contract, and
convey according to the modified terms agreed upon by
the buyer. [Sallee v. McMurray, 113 Mo. App. 253,
88 S. W. 157.]

In this case when the property was placed in the
hands of the agents to sell for $3,200, and no time
fixed for possession to be given, the agents were enti-
tled to their commission when they produced a person
ready, able and willing to take the property for $3,200,

and the respondent could not have avoided the payment of the commission by refusing possession at once. But in this case, the appellants did not find a purchaser ready and willing to buy the property at the price first fixed by the respondent. On the contrary, they found a man ready and willing to buy the property for $2,900, provided, he could have possession on or before November 20th. The respondent never agreed to give possession on November 20th. He agreed to give possession on that date if nothing prevented. It stands admitted in the case that his boy had been stabbed on the 17th of the month; that one of his horses had died and another was sick, so that he had to rely somewhat on his neighbors for assistance in gathering his crops. With all of this showing that he was acting in the utmost good faith, he offered to give possession on the 22nd of the month, and to pay the board of Mr. Bryan's family at a hotel for the extra time. This proposition Bryan refused to accept, and there is no testimony in this case that he ever was ready and willing to buy the property unless he could have possession on the 20th of November, the day fixed in his proposition to purchase.

When Oneth altered the terms upon which he had authorized the appellants to sell his farm, he had the right to fix the time for possession. When Bryan offered to purchase, he had the right to fix in his offer the date when he was to have possession. Oneth at no time had a binding contract which he could have enforced against Bryan, as Bryan only agreed to buy if he could have possession on November 20th. The appellants failed to find a purchaser ready, able and willing to take the farm upon the terms fixed by the owner, and therefore, did not earn their commissions. The judgment is for the right party and will be affirmed. All concur.